UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case Number: 08-22791-CIV-MORENO

ALLSTATE INDEMNITY COMPANY and
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Plaintiffs,

vs.

FATHER & SON AUTO SALES, INC., et al.,

    Defendants.
_____/

## ORDER DENYING MOTIONS FOR ATTORNEYS' FEES AND COSTS

Plaintiffs AllState Indemnity Company and AllState Property and Casualty Insurance Company brought this case against 77 Defendants for damages and injunctive relief under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 et seq., the Florida RICO Act § 895.01, Fla. Stat., et seq., the Florida Civil Remedies for Criminal Practices Act, § 772.101, Fla. Stat., et seq., and § 812.035, Fla. Stat., common law fraud and conspiracy. The Court entered default final judgments against 28 Defendants, Plaintiffs failed to serve 6 Defendants by the deadline for service, and Plaintiffs voluntarily dismissed 43 Defendants.

Defendants Healing Touch C & C, Inc., Carlos Bermudez, Christian Dominguez, Leibnyz Dominguez, Charlotte Garzon, Jose Reyes, Gustavo Acosta, and Yolaima Ruiz, who were voluntarily dismissed from this action, now move for an award of attorneys' fees and costs. Florida Statutes § 772.104(3) and § 772.11 provide that a defendant "is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support." As substantial factual and legal support existed for Plaintiffs' RICO and civil theft claims, the motions for attorneys' fees and costs are DENIED.

First, Defendants allege that Plaintiffs' RICO and civil theft claims lack factual and legal support because Plaintiffs never alleged that Defendants gained anything from their purported fraud. However, Plaintiffs are not required to plead what Defendants gained from their fraud when pleading *Florida* civil RICO actions predicated upon mail or wire fraud or RICO actions predicated on acts that are not grounded in fraud, such as theft. *See Palmas 7 Bambu, S.A. v. E.I. Dupont de Nemours & Co.*, 881 So.2d 565, 571 (Fla. 3d DCA 2004); *see Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1355 (11th Cir. 2008).

Second, Defendants allege that Plaintiffs' RICO conspiracy claims lack factual and legal support because there existed no factual support of an express or circumstantial agreement to defraud Plaintiffs. However, Plaintiffs are not required to produce evidence of an express agreement in order to maintain an actionable RICO conspiracy claim. *Renta*, 530 at 1353. Plaintiffs could demonstrate an agreement through circumstantial evidence by showing an agreement "on the overall objective of the conspiracy or by showing that the defendant agreed to commit two predicate acts." *Id.* Plaintiffs' allegations of Defendants' actions demonstrate an agreement on the overall objective of the conspiracy to defraud and steal from Plaintiffs through the submission of fraudulent claims. Further, Plaintiffs' allegations demonstrate that Defendants agreed to commit more than two predicate acts. Thus, substantial factual and legal support existed for Plaintiffs' claims. Therefore, it is

**ADJUDGED** that Defendants' Motions for Attorneys' Fees and Costs are **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of May, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record